# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Brenda Salcedo, Dennis M. Novack and Janet C. Novack, *all individually and on behalf of all others similarly situated*,

        Plaintiffs,

v.

Todd R. Uecker, *Registrar of Titles*, *in and for the County of Ramsey and State of Minnesota, in his individual and official capacity*; Wayne D. Anderson, *Ramsey County Examiner of Titles, in his individual and official capacity*; Nathan Bissonette, *Deputy Ramsey County Examiner of Titles, in his individual and official capacity*; John Doe, *in his individual and official* capacity; Ramsey County, *a political subdivision of the state of Minnesota, for itself and on behalf of all other Minnesota counties*; Jane Doe, *Deputy Registrar of Titles or Clerk of the Registrar of Titles, in and for the County of Ramsey and State of Minnesota, in her individual and official capacity*; Susan R. Roth, *former Registrar of Titles, in and for the County of Ramsey and State of Minnesota, in her individual and official capacity*; and John Doe, Inc., *for itself and on behalf of all others similarly situated*,

        Defendants.

Civil No. 22-2045 (DWF/ECW)

**ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings brought by Defendants Wayne D. Anderson, Nathan Bissonette, Jane Doe, John Doe, Ramsey County, Susan R. Roth, and Todd J. Uecker (collectively, "Ramsey County Defendants"). (Doc. No. 99.)

In an Order dated April 24, 2023, the Court, among other things, granted motions to dismiss brought by Defendants Commissioner Jim Schowalter and AlexSoft, LLC, thereby dismissing Plaintiffs' claim against those defendants with prejudice. (Doc. No. 88 at 19.)[1]  In that Order, the Court explained that in this action Plaintiffs allege that Ramsey County registrars of title have improperly been issuing certificates of title that include references to prior certificates of title that contain illegal racial covenants. (*See, e.g.*, Doc. No. 1 ("Compl.").) Ramsey Defendants reiterate that they oppose racially restrictive covenants and all forms of racial discriminations. In addition, Ramsey Defendants emphasize that Ramsey County's board has formalized that opposition in a board resolution and has taken steps to facilitate the removal of racial covenants from property records. In short, Ramsey Defendants move for judgment on the pleadings on the grounds that they have never violated Minn. Stat. § 507.18, Plaintiffs have failed to state a claim under the Fair Housing Act, Plaintiffs have not alleged plausible Civil Rights Act claims, Plaintiffs have not stated a claim under the Minnesota Constitution, Plaintiffs have not alleged plausible claims of unjust enrichment, conspiracy, and aiding and abetting, Plaintiffs have not alleged a plausible Fourteenth Amendment claim, and

---

[1] Plaintiffs appealed that Order (Doc. No. 90). That Appeal was dismissed for failure to prosecute. (Doc. Nos. 97, 98.)

that there is no right of action to enforce Minn. Stat. §§ 508.421 and 508.52 and Plaintiffs have not alleged violations of these provisions. Ramsey Defendants further provide argument and support for its motion. Plaintiffs did not oppose the pending motion and have not otherwise responded.

Having carefully considered the arguments, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Ramsey County Defendants' Motion for Judgment on the Pleadings (Doc. No. [99]) is **GRANTED** and Plaintiffs' Complaint (Doc. No. [1-1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 10, 2024                     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge